**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Robert Louis Southard, | ) | Case No. 3:25-cv-11627-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department | ) | |
| of Social Services; | ) | |
| Wanaja Brown; Vickia White; | ) | |
| Autrice Andrews; and Emma Blakely, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Robert Louis Southard ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983 and various state laws. (Dkt. No. 9.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this case be summarily dismissed without further leave to amend.

## BACKGROUND

Although somewhat incoherent, Plaintiff's initial Complaint appeared to allege that the South Carolina Department of Social Services (SCDSS) "illegally" removed his children from his custody for five years based on certain accusations that were "unfounded and dismissed." (Dkt. No. 1 at 5.) According to Plaintiff, SCDSS placed his children in a trailer park where they were subject to an "unreasonable risk of harm." (*Id.* at 4.) Plaintiff claimed that his children were "exposed to delinquent acts of drug and sexual activity" and "attacked . . . by a gang multiple times." (*Id.* at 4, 6.) Based on these facts, Plaintiff claimed that SCDSS violated a series of statutes

under the South Carolina Children's Code, including §§ 63-7-620, 63-7-1660, 63-7-700, 63-7-730, 63-7-720, 63-7-680, and 63-7-20. (*Id.* at 4.)

Upon reviewing these allegations, the undersigned issued an order notifying Plaintiff that because his Complaint raised only state law violations, his case was subject to summary dismissal for lack of subject matter jurisdiction. (Dkt. No. 5 at 2–3.) In light of Plaintiff's *pro se* status, however, the undersigned afforded him an opportunity to file an amended pleading with the Court. (*Id.* at 3.) The undersigned warned Plaintiff that the amended pleading would completely replace his original Complaint and should contain "all of the claims [he] wishe[d] to assert, legibly identify all of the defendants against whom those claims [were] asserted, and include a plain short statement of the supporting facts for those claims against each defendant." (*Id.*) The undersigned added that to the extent Plaintiff intended to raise any constitutional violations pursuant to 42 U.S.C. § 1983, he must show that the violations were committed by a person or persons acting under the color of state law, and that SCDSS did not qualify as such. (*Id.* at 3 n.1.)

In response to the undersigned's instructions, Plaintiff filed an Amended Complaint against SCDSS; several SCDSS employees (Wanaja Brown, Vickia White, and Autrice Andrews); and Guadian ad Litem Emma Blakely (collectively, "Defendants"). (Dkt. No. 9.) The Amended Complaint, which now governs the scope of the instant case, is very similar to the original pleading in that Plaintiff largely restates that Defendants violated state law by "illegally" removing his children from his custody and placing them in unsafe environments. (*Id.* at 1–2.) However, the Amended Complaint adds that "federal jurisdiction applies" here because Plaintiff was also denied due process. (*Id.* at 3.) Specifically, Plaintiff claims that his children were removed from his custody "for no other reason than a re-canted statement" of "neglect" and "sexual abuse," and that

2

Defendants then "purposefully and maliciously continued for years to allow the children to 'age out' of [his] custody." (*Id.* at 1, 3.) This is the extent of the Amended Complaint.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.[1]

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more

---

[1] At the time Plaintiff filed this action, he was a detainee at the Alvin S. Glenn Detention Center. (Dkt. No. 1 at 2.)

than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United

4

States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, to state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Amended Complaint fails to state an actionable constitutional violation under § 1983 for several reasons.

At the outset, the undersigned reiterates (Dkt. No. 5 at 3 n.1) that "the State of South Carolina is not considered a 'person' subject to suit" for purposes of § 1983. *Henry v. Warden of Greenville Cnty. Det. Ctr.*, No. 8:22-cv-4380-RMG-JDA, 2023 WL 2541891, at *7 (D.S.C. Jan. 5, 2023), *adopted*, 2023 WL 2540448 (D.S.C. Mar. 16, 2023), *aff'd*, No. 23-6339, 2023 WL 3676791 (4th Cir. May 26, 2023); *see also Rivera v. S.C. Dep't of Corr.*, No. 8:20-cv-3356-SAL, 2021 WL 2649837, at *2 (D.S.C. June 28, 2021) (explaining that state agencies likewise do not qualify as persons amenable to suit under § 1983). To that end, SCDSS is not amenable to suit under § 1983, and any such claims must be dismissed.

With respect to the individual defendants, a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Plaintiff fails to describe each individual defendant's personal involvement in the purported deprivations of his due process rights. In fact, he does not even mention the defendants beyond the caption of the pleading. *See, e.g.*, *Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (dismissing claims where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear

allegations of any personal conduct or wrongdoing in connection with the alleged federal violations); *Garner v. Cohen*, No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016), *adopted*, 2017 WL 2645754 (D.S.C. June 20, 2017) (finding complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"); *see also Allen v. City of Graham*, No. 1:20-cv-997, 2021 WL 2037983, at *2 (M.D.N.C. May 21, 2021) ("[G]rouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them."). Accordingly, Plaintiff has failed to allege an actionable constitutional violation against any of the individual defendants.

It is also worth noting that Plaintiff's own allegations undermine any purported due process violations in the first instance. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. It is well-established that parents generally have a protected liberty interest "in the care, custody, and control of their children." *D.B. v. Cardall*, 826 F.3d 721, 740 (4th Cir. 2016) (internal citations omitted). "The Constitution confers both substantive and procedural rights on parents." *Sahoo v. Gleaton*, No. 5:16-cv-153-F, 2017 WL 1102623, at *8 (E.D.N.C. Mar. 23, 2017). To establish a procedural due process violation under § 1983, a plaintiff must show that he has been deprived of a cognizable liberty interest and that such deprivation occurred "without adequate procedural protections." *Bailey v. Ritchie*, No. 5:25-cv-141, 2026 WL 210416, at *5 (W.D. Va. Jan. 27, 2026) (internal quotation marks and citations omitted); *see also Russell v. Haley*, No. 3:13-cv-2014-CMC, 2014 WL 2980241, at *4 (D.S.C. June 30, 2014) ("At bottom, procedural due process requires fair notice of impending state action and an opportunity to be heard.") (internal citations omitted)). To establish a substantive due process violation under

6

§ 1983, a plaintiff must show that the state deprived him of a cognizable liberty interest and "that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 827 (4th Cir. 1995) (emphasis in original).

In the instant case, the Amended Complaint suggests that Plaintiff's children were removed from his custody only after certain state court proceedings. (*See* Dkt. No. 9 at 1, referencing State Docket #22-DR-40-4052 and #24-DR-40-1228.) Plaintiff does not indicate that the proceedings themselves were constitutionally deficient, but rather, contends that the state based the removal of his children on allegations of "neglect" and "sexual abuse" that were later "recanted." (*Id.* at 1, 3.) While Plaintiff may disagree with the state's initial reliance on or acceptance of these allegations, this purported misjudgment does not indicate that he was denied procedural due process. Similarly, with respect to substantive due process, "[i]t does not shock the conscience to hear that defendants removed a child . . . from the custody of a parent suspected of abusing him, based upon some evidence of child abuse," as was apparently the case here.[2] *Weller*, 901 F.2d at 391; *see also Kramer v. Virginia State Ct. Sys.*, Case No. 13-cv-7, 2013 WL 373573, at *3 (W.D. Va. Jan. 30, 2013), *aff'd*, 530 F. App'x 263 (4th Cir. 2013) ("[A] routine custody and child support order issued by a state court judge, following judicial proceedings, does not even approach a potential substantive due process violation.").

With respect to Plaintiff's remaining state law claims under the South Carolina Children's Code, it is well-established that if a federal district court has original jurisdiction over a civil action, it may also exercise supplemental jurisdiction over any state law claims that are "so related" to the

---

[2]    Moreover, Plaintiff's assertion that Defendants "then purposefully and maliciously" continued to hold his children so that they would "age out" of his custody is pure speculation and insufficient to save his due process claim. *See Twombly*, 550 U.S. at 555, 570 (explaining that "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable").

claims under the court's original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). As the undersigned previously explained (Dkt. No. 5 at 2–3), however, without original jurisdiction, a federal court generally cannot exercise supplemental jurisdiction over state law claims. *See id.* § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction). Because Plaintiff has failed to state an actionable federal claim in this case, this Court may not exercise supplemental jurisdiction over any potential remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed . . . , the state claims should be dismissed as well"); *see also Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that this action be summarily **DISMISSED** without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). Based on this recommendation, the Clerk of Court shall not forward this matter to the United States Marshals Service at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 23, 2026
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).