IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Robert Louis Southard,                    )
                                          )
                    Plaintiff,            )
                                          )     Civil Action No. 3:25-cv-11627-BHH
v.                                        )
                                          )     **ORDER**
South Carolina Department of              )
Social Services; Wanaja Brown;            )
Vickia White; Autrice Andrews; and        )
Emma Blakely,                             )
                                          )
                    Defendants.           )
_____  )

This matter is before the Court upon Plaintiff Robert Louis Southard's ("Plaintiff") pro se amended complaint seeking relief pursuant to 42 U.S.C. § 1983 and various state laws. (ECF No. 9.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On June 23, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend. (ECF No. 14.) In the Report, the Magistrate Judge explained that the South Carolina Department of Social Services is not a "person" amenable to suit under § 1983 and that Plaintiff failed to plead sufficient facts to allege that the individual Defendants violated Plaintiff's constitutional rights. (*Id.* at 5-6.) Indeed, the Magistrate Judge noted that Plaintiff's allegations undermine any alleged due process violations. (*Id.* at 6-7.) Additionally, having found that Plaintiff failed to state any actionable federal claims in this action, the Magistrate Judge also recommended that the Court decline to exercise supplemental jurisdiction over any state law claims. (*Id.* at 8.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 14), and the Court summarily dismisses this action without further leave to amend, as Plaintiff has already had the opportunity to do so.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 14, 2026 Charleston,
South Carolina